IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE LELAND WHITE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT CROW, individually and in his official )<br>capacity as Director of Department of )<br>Corrections; MARK KNUTSON, individually )<br>and in his official capacity as Administrative )<br>Review Authority at ODOC; R.C. SMITH, )<br>individually and in his official capacity as )<br>Facility Warden at Lawton Correctional )<br>Facility; and "T" GINN, individually and in his )<br>official capacity as Correctional Officer at )<br>Lawton Correctional Facility, )<br>)<br>    Defendants. ) | Case No. CIV-19-00890-JD |

**ORDER**

Before the Court is a Report and Recommendation ("R. & R.") [Doc. No. 14] issued by United States Magistrate Judge Suzanne Mitchell, recommending that the Court dismiss Plaintiff Marquise Leland White's Complaint [Doc. No. 1], as supplemented [Doc. No. 11],[1] because it fails to state a claim upon which relief can be granted. Mr. White filed a timely Objection [Doc. No. 15]; thus, the Court must make a de novo determination of any portion of the R. & R. to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

---

[1] The Court will reference Doc. No. 11 when referring to the Complaint.

Upon de novo review of the issues presented, the Court adopts Judge Mitchell's R. & R. in its entirety and dismisses without prejudice Mr. White's official capacity claims against Defendants Scott Crow and Mark Knutson; dismisses with prejudice his official capacity claims against Defendants R.C. Smith and "T" Ginn; and dismisses without prejudice his individual capacity claims against Defendants Crow, Knutson, Smith, and Ginn. As for those claims dismissed without prejudice, the Court sua sponte grants Mr. White leave to amend his complaint within 30 days of the entry of this Order.

## I.  BACKGROUND

Mr. White, a state prisoner proceeding without counsel, filed this action under 42 U.S.C. § 1983, seeking monetary, declaratory, and injunctive relief for alleged violations of his constitutional rights arising out of a prison disciplinary incident and hearing. Mr. White alleges that Defendants R.C. Smith and "T" Ginn violated his due process rights and subjected him to cruel and unusual punishment by not investigating the circumstances of a drug possession infraction for which Mr. White was disciplined and that Defendant Mark Knutson denied Mr. White due process by denying his administrative appeal of the disciplinary action as untimely. Compl. [Doc. No. 11] ¶¶ 33–35. Mr. White also names Scott Crow, the Director of the Oklahoma Department of Corrections, as a defendant. *Id.* ¶ 4. Mr. White asserts that Crow, who is "responsible for the operations of all correctional facilities in the State of Oklahoma," did not allow him to submit an appeal of his disciplinary action out of time. *Id.* ¶¶ 4, 30–31. Mr. White sues each of these four defendants in their individual and official capacities. *Id.* ¶ 8.

Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Mitchell by United States District Judge Joe Heaton for initial proceedings.[2] Upon screening the Complaint under 28 U.S.C. § 1915A, Judge Mitchell issued the R. & R. now under review. Section 1915A requires the Court to dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also id.* § 1915(e)(2)(B) (same).

In the R. & R., Judge Mitchell concluded that Mr. White's Complaint should be dismissed. Specifically, she found that Mr. White's official capacity claims against Crow and Knutson are jurisdictionally barred by the Eleventh Amendment and that his official capacity claims against Smith and Ginn are not cognizable because Smith and Ginn are not state actors. R. & R. at 6–10. Judge Mitchell further reasoned that Mr. White's individual capacity claims against Crow and Knutson fail because there is no independent constitutional right to a prison grievance process and Mr. White did not allege that Crow and Knutson personally participated in any underlying constitutional violation. *Id.* at 10–11. Finally, Judge Mitchell determined that Mr. White's individual capacity claims against Smith and Ginn fail because Mr. White did not allege that he was deprived of any protected liberty interest that would implicate procedural due process protections. *Id.* at 13–16.

---

[2] The case was transferred to the undersigned after the initial referral. [*See* Doc. No. 12].

## II.   ANALYSIS

### A.   Standard of Review

By statute, the Court is required only to review de novo those portions of the R. & R. "*to which objection is made.*" 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Mr. White is proceeding pro se; thus, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleadings requirements." *Id.* Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The Court applies the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that it employs for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With these principles in mind, the Court turns to its analysis of Mr. White's claims.

  **B.**  **The Court dismisses without prejudice Mr. White's official capacity claims against Defendants Crow and Knutson.**

In his Objection [Doc. No. 15], Mr. White does not challenge Judge Mitchell's conclusion that Defendants Crow and Knutson in their official capacities are immune from suits seeking monetary damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment bars a damages action against a state in federal court, and that "[t]his bar remains in effect when State officials are sued for damages in their official capacity"). Nor does he contest Judge Mitchell's conclusion that the three recognized exceptions to Eleventh Amendment immunity are not applicable in this case.

5

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (citation omitted). However, "Eleventh Amendment immunity is not absolute. There are three [recognized] exceptions." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted). First, a state may consent to suit. *Id.* Second, Congress may abrogate a state's sovereign immunity by creating a private right of action. *Id.* Third, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Id.* This third exception, otherwise known as the *Ex parte Young* exception, is narrow.[3] *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998); *see also Ex parte Young*, 209 U.S. 123, 159 (1908).

As noted by Judge Mitchell, "[t]he State of Oklahoma's Eleventh Amendment immunity from suits seeking money damages in federal court remains intact." *See* R. & R. at 7. "Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012) (unpublished) (citing Okla. Stat. tit. 51, § 152.1).

---

[3] In determining whether the *Ex parte Young* exception applies, the Court's inquiry must focus on Mr. White's allegations in the Complaint and not analyze the merits of his claims. *Jud. Watch, Inc. v. Griswold*, 554 F. Supp. 3d 1091, 1100 (D. Colo. 2021) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002)). Thus, Mr. White must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Jud. Watch, Inc.*, 554 F. Supp. 3d at 1100 (citing *Muscogee (Creek) Nation*, 669 F.3d at 1167).

Nor does § 1983 abrogate a state's sovereign immunity. *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity")).

The Court also agrees with Judge Mitchell that Mr. White has not alleged an ongoing violation of federal law, nor does he seek prospective relief; thus, the *Ex parte Young* exception does not apply. *See* R. & R. at 8–9. A liberal review of Mr. White's Complaint indicates that Mr. White seeks a reversal of his 2019 prison infraction for possession of drugs. However, "the denial of *prior* grievances is not a credible allegation of an ongoing violation of federal law." *Burnett v. Allbaugh*, 715 F. App'x 848, 851 (10th Cir. 2017) (unpublished) (emphasis in original). Additionally, Mr. White seeks a declaration that Defendants' past conduct was unconstitutional. Thus, Mr. White "only has standing to seek retrospective declaratory relief." *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019). *Ex parte Young* is not "used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Id.* (citations omitted). Accordingly, the Court dismisses without prejudice Mr. White's official capacity claims against Defendants Crow and Knutson.

### C.   The Court dismisses with prejudice Mr. White's official capacity claims against Defendants Smith and Ginn.

Mr. White also does not challenge Judge Mitchell's conclusion that Defendants Smith and Ginn are not state actors and do not have official capacity under § 1983 because they are private prison employees. Mr. White is an inmate at Lawton Correctional Facility ("LCF"), *see* Compl. ¶ 3, which the Court judicially notices is a

private prison.[4] Mr. White sues LCF private prison employees Smith and Ginn in their official capacities. But as Judge Mitchell correctly noted, employees of a private prison are not state actors, and thus do not have an official capacity. *See Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002) (unpublished); *see also Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 WL 1406592, at *3 (W.D. Okla. Mar. 7, 2018), *R. & R. adopted by*, 2018 WL 1403911 (W.D. Okla. Mar. 20, 2018). Accordingly, the Court concurs with Judge Mitchell's recommendation that Mr. White's official capacity claims against Defendants Smith and Ginn should be dismissed with prejudice.

### D. The Court dismisses without prejudice Mr. White's individual capacity claims against Defendants Crow and Knutson.

Section 1983 provides the right of action but does not create any substantive rights. Rather, substantive rights must come from the Constitution or federal statute. *See Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002). To state a valid § 1983 claim, a plaintiff must allege (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has explained that, in alleging a § 1983 action against a government employee in his individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. *Id.*

---

[4] *See* https://www.geogroup.com/FacilityDetail/FacilityID/61 (last visited June 15, 2022).

Mr. White does not challenge Judge Mitchell's conclusion that his allegations do not establish personal participation by Crow and Knutson in either charging Mr. White with an alleged unjustifiable violation or punishing him for that misconduct. Nor does Mr. White disagree with the legal authorities cited by Judge Mitchell concerning this issue. The Court cannot add further meaningful analysis to that already set forth by Judge Mitchell on this issue. Accordingly, the Court agrees with Judge Mitchell's recommendation that Mr. White's individual capacity claims against Defendants Crow and Knutson should be dismissed without prejudice.

### E. The Court dismisses without prejudice Mr. White's individual capacity claims against Defendants Smith and Ginn.

Mr. White asserts that Smith and Ginn violated his due process rights by not investigating the circumstances surrounding his drug possession. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Constitution or from an expectation or interest created by state law or policy. *Id.* "Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.'" *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (citation omitted).

Because a prison disciplinary proceeding is not a criminal prosecution, the full rights due a defendant in a criminal prosecution are not applicable. *Id.* at 556. Thus, the Supreme Court has established that a protected liberty interest is at issue in a prison

9

setting "only when an inmate is subjected to (1) conditions that 'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' or (2) disciplinary actions that 'inevitably affect the duration of his sentence.'" *Harrison v. Morton*, 490 F. App'x 988, 992 (10th Cir. 2012) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Judge Mitchell concluded that the punishment cited by Mr. White in his Complaint did not implicate a protected liberty interest under the law. Mr. White objects and asserts that he did identify a protected liberty interest that would support his claims that he was deprived of due process. Specifically, he contends that his disciplinary infraction made him ineligible for certain prison jobs,[5] and for the first time he asserts that the violation unfairly tarnished his reputation, caused him emotional distress, and prevented him "from participating in any related activities connected to [his prison] worship group." [Doc. No. 15 at 2]. Additionally, he asserts that his inability to participate in his worship group "has resulted in a strain to his personal faith." *Id*. None of these allegations, however, was in his Complaint. The Court will first address the punishments cited by Mr. White in his Complaint and then the additional consequences identified by Mr. White in his Objection, as the two categories require a separate standard of review.

---

[5] Mr. White does allege in his Complaint that the prison infraction resulted in work restrictions. Compl. ¶ 17.

### 1)   *Allegations raised by Mr. White in the Complaint*

In his Complaint, Mr. White stated that because of the disciplinary violation, he received "90 days phone restriction, 90 days commissary restriction, and 30 days segregation." Compl. ¶ 17. He also stated that he was "demoted to level 1 resulting in work restrictions" and an inability to participate in educational programs that he had been participating in for some time. *Id*. The Court agrees with Judge Mitchell and her cited authority that none of these punishments implicates a protected liberty interest. R. & R. at 14–16. Mr. White cannot establish that the stated punishment imposed an atypical and significant hardship or that the disciplinary action affected the duration of his sentence.

Cases from the Tenth Circuit and other circuits indicate that a denial of telephone and commissary privileges "is not sufficiently severe to create a protected liberty interest." *Rodriguez v. Gen. Couns. for Fed. Bureau of Prisons*, 315 F. App'x 79, 80 (10th Cir. 2009) (unpublished) (collecting cases). The Tenth Circuit has also repeatedly held that a prisoner does "not have a constitutional right to employment." *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *see also Marshall v. Morton*, 421 F. App'x 832, 838 (10th Cir. 2011) (unpublished) (noting that the Tenth Circuit "has previously held that prisoners do not have a protected liberty interest in prison employment").

Likewise, the change in Mr. White's inmate-classification level and privileges lost therefrom do not impose atypical and significant hardships in relation to ordinary prison life. *Marshall*, 421 F. App'x at 838 (concluding that the reduction to the plaintiff's inmate classification level did not implicate a protected liberty interest); *see also Harrison*, 490 F. App'x at 993 (explaining that a change to an inmate's security

11

classification, which resulted in a reduction of his monthly pay and a loss of privileges, did not implicate a protected liberty interest). Further, like the plaintiffs in *Marshall* and *Harrison*, Mr. White must serve 85 percent of his sentence and is not eligible for earned credits or any other type of credits that would reduce the length of his sentence to less than 85 percent of the sentence imposed.[6] *See* Okla. Stat. tit. 21, § 12.1; Okla. Stat. tit. 57, § 138(A) ("No deductions shall be credited to any inmate serving a sentence of life imprisonment."). Thus, the disciplinary infraction had no effect on the duration of his sentence and did not implicate a protected liberty interest in that regard. *See Marshall*, 421 F. App'x at 838; *Harrison*, 490 F. App'x at 993.

The Court also agrees with Judge Mitchell that Mr. White has not alleged that his 30 days in segregation "was so extreme as to rise to the level of atypical or significant in the context of his continued confinement." R. &. R. at 15. *See Sandin*, 515 U.S. at 485–86 (recognizing no liberty interest protecting against 30 days' disciplinary segregation where such confinement did "not present a dramatic departure from the basic conditions of [the inmate's] sentence"); *see also Est. of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1344 (10th Cir. 2007) (the court noted that while it was "sympathetic" to the inmate's complaints "about the petty deprivations resulting from her confinement," it could not "conclude that the prison imposed such an atypical and

---

[6] The Court takes judicial notice of the electronic records of the Oklahoma Department of Corrections and the District Court of Tulsa County, Oklahoma, which show that Mr. White is serving a life sentence for first-degree murder. *See* https://okoffender.doc.ok.gov (last visited June 15, 2022); https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2006-240&cmid=1718865 (last visited June 15, 2022).

significant hardship on her as to meet the *Sandin* standard"). Finally, prison grievance procedures do not create a protected liberty interest. *See, e.g.*, *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) (explaining that "there is no independent constitutional right to state administrative grievance procedures"); *Burnett*, 715 F. App'x at 852 (collecting cases and noting that a "viable due process claim cannot rest on allegations of an unfair or inadequate grievance process").

### 2) *Allegations raised by Mr. White for the first time in his Objection*

For the first time in his Objection, Mr. White asserts that because of the disciplinary violation he was prevented from participating in his worship group and this caused "strain to his personal faith." [Doc. No. 15 at 2]. Mr. White did not convey these allegations in his Complaint, and he may not, by way of objection to the R. & R., alter the allegations of the Complaint.

In the Tenth Circuit, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Although Mr. White might be attempting to articulate that his right to worship was a liberty interest implicated by the disciplinary infraction, the Court cannot "round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1174 (citation omitted). Thus, the Court dismisses without prejudice Mr. White's individual capacity claims against Defendants Smith and Ginn.

### F. The Court dismisses the Complaint but sua sponte grants Mr. White leave to amend those claims that are dismissed without prejudice.

Having determined that Mr. White cannot recover under § 1983 on his allegations in the Complaint, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Tenth Circuit counsels that, in pro se prisoner cases, the Court should sua sponte grant leave to amend "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *see also Hall*, 935 F.2d at 1110 n.3 (noting that "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). It may be that "upon further investigation and development," *Reynoldson*, 907 F.2d at 127, Mr. White could plausibly allege claims under § 1983. Of course, any amended complaint submitted by Mr. White must meet the federal and local procedural rules and requirements and should be consistent with this Order. *See* Fed. R. Civ. P. 11 (providing in part that a pleading must be signed and certified by the party presenting it that it is not being presented for any improper purpose, that the claims are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, and that the factual contentions have evidentiary support); *see also* 28 U.S.C. §§ 1915, 1915A.

Therefore, the Court will permit Mr. White to file an amended complaint within 30 days of entry of this Order. If Mr. White declines to timely file an amended complaint

or files an amended complaint that again fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

## III. CONCLUSION

Upon de novo review of the issues presented, the Court ADOPTS Judge Mitchell's Report and Recommendation [Doc. No. 14] in its entirety. Mr. White's official capacity claims against Defendants Crow and Knutson are DISMISSED WITHOUT PREJUDICE. His official capacity claims against Defendants Smith and Ginn are DISMISSED WITH PREJUDICE. Mr. White's individual capacity claims against Defendants Crow, Knutson, Smith, and Ginn are DISMISSED WITHOUT PREJUDICE. As for those claims dismissed without prejudice, the Court sua sponte grants Mr. White leave to amend his complaint within **30 days** of the entry of this Order.

IT IS SO ORDERED this 15th day of June 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE